UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO SMITH,<br><br>            Petitioner,<br><br>    v.<br><br>L.A. MARTINEZ, Warden,<br><br>            Respondent. | Case No. 2:22-cv-08866-DMG-PD<br><br>**ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, the Report and Recommendation of the United States Magistrate Judge [Doc. # 17 ("Report")], and Petitioner's Objections to that Report [Doc. # 18 ("Objections")]. The Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected.

The Report recommends dismissal of the Petition and this action after finding that Petitioner is not entitled to federal habeas relief for his challenge to a parole board's ineligibility finding and to the length of his sentence. For the following reasons, Petitioner's Objections do not warrant a change to the Magistrate Judge's

findings or recommendation.

Petitioner objects that he did not have an opportunity to file an Opposition to Respondent's Motion to Dismiss the Petition. Objections at 2–3. He alleges that he constructively filed a request for an extension of time to file an Opposition on June 1, 2023 and submits a prison mail entry showing that he mailed something to the Court and Respondent on that date. Objections at 2–3, 9. The Court never, however, received any request from Petitioner for an extension of time. Petitioner's deadline to file an Opposition was March 11, 2023. He did not request an extension of time before that deadline, as required by the Court's Case Management order. [Doc. # 4 at 4.] Yet the Magistrate Judge *sua sponte* granted Petitioner an extension of time until June 5, 2023. [Doc. # 14.] And after the Magistrate Judge issued the Report, Petitioner filed Objections. [Doc. # 18.]

Given these circumstances, Petitioner had an adequate opportunity to respond to the Motion to Dismiss. A litigant ordinarily is afforded an opportunity "meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action." *Nietzke v. Williams*, 490 U.S. 319, 329–30 (1989). This opportunity "crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case." *Id*. at 330. Here, although Petitioner did not file an Opposition, he did substantively respond to the pertinent issues raised by the Motion to Dismiss in his Objections to the Report. Because Petitioner had an opportunity to present his substantive arguments, he was not prejudiced by not filing an Opposition. *See Thomassen v. United States*, 835 F.2d 727, 730 (9th Cir. 1987) (holding that a plaintiff was not denied due process by not having an opportunity to file an opposition to a motion to dismiss when he later presented his arguments in a Rule 59(e) motion). Petitioner does not specify what additional arguments he was prevented from raising but merely contends that the Report should be rejected solely because he did not file an Opposition. Objections

at 3. But Petitioner's allegation of losing an opportunity to file an Opposition is, at most, reliance on a "procedural error" that "did not affect [his] substantial rights." *Thomassen*, 835 F.2d at 730–31.

Petitioner's Objections next raise multiple arguments for why his sentence of 38 years to life violates the Eighth Amendment. Objections at 4–7. As the Report found, these arguments are time-barred because Petitioner's conviction became final in 1986. Report at 8 n.4. In any event, Petitioner's challenges to the length of his sentence are meritless for the following reasons.

Petitioner objects that his sentence of 38 years to life in state prison is a "de facto [life without the possibility of parole] sentence" that violates the Eighth Amendment. Objections at 4, 6. To the contrary, Petitioner remains eligible for periodic parole review. This is a significant factor under the Eighth Amendment. *See Lockyer v. Andrade*, 538 U.S. 63, 74 (2003) ("Here, Andrade retains the possibility of parole [after 50 years].").

Petitioner objects that his sentence is excessive because he was a "youthful offender" when he committed his offenses. Objections at 5. To the contrary, he was 21 years old when he committed his offenses. Report at 9. The Supreme Court's Eighth Amendment jurisprudence for juvenile offenders draws a bright line at age 18. *See Roper v. Simmons*, 543 U.S. 551, 574 (2005) ("The age of 18 is the point where society draws the line for many purposes between childhood and adulthood."); *see also United States v. Mitchell*, 502 F.3d 931, 981 (9th Cir. 2007) (recognizing that the Supreme Court "drew this line well aware of the 'objections always raised against categorical rules[.]'") (quoting *Simmons*, 543 U.S. at 574).

Petitioner objects that "38 years of incarceration for a nonhomicidal offense is extremely harsh," even though he admittedly committed a "kidnap for robbery." Objections at 5. To the contrary, Petitioner's incarceration of 38 years for a kidnap for robbery, which also included several incidents of violent sexual assault, is far from extremely harsh for Eighth Amendment purposes. *See Harmelin v. Michigan*,

3

501 U.S. 957, 996 (1991) (rejecting Eighth Amendment challenge to sentence of life without parole for possession of 650 grams of cocaine, despite defendant's lack of prior felony convictions); *Hutto v. Davis*, 454 U.S. 370, 374 (1982) (rejecting Eighth Amendment challenge to sentence of 40 years for possession and distribution of nine ounces of marijuana).

Petitioner objects that his sentence violates the Eighth Amendment under a "gross disproportionality" analysis under *Solem v. Helm*, 463 U.S. 277, 290–91 (1983). Objections at 6. To the contrary, Petitioner's sentence failed to raise an inference of gross disproportionality. His crimes, including kidnapping and several incidents of sexual assault, involved extreme violence. *See Solem*, 463 U.S. at 292–93 ("[A]s the criminal laws make clear, nonviolent crimes are less serious than crimes marked by violence or the threat of violence.").

Petitioner objects that he is no longer a threat to public safety. Objections at 7. As the Report found, however, this determination is the province of the parole board, not a federal court. Report at 6.

The Court accepts the Report and adopts it as its own findings and conclusions. Accordingly, the Petition is **DISMISSED WITH PREJUDICE**.[1] The motion to dismiss [Doc. # 10] is **GRANTED**.

///

---

[1] Because a copy of this Order will be sent to Petitioner, his request for an update regarding the case status is **DENIED AS MOOT**. [Doc. # 15.]

4

Further, for the reasons stated in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right and, therefore, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

DATED: September 29, 2023.

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE